Janet M. Herald
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Luis A. Garcia, Trial Attorney** (CSBN #146876)
Office of the Solicitor (SOL#1219910)
United States Department of Labor
350 South Figueroa Street, Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-2681
    Facsimile:  (213) 894-2064
    garcia.luis.a@dol.gov
Attorneys for the Plaintiff
Secretary of Labor

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**BUDDHA BOY, INC.,** a California corporation doing business as **THAI DISHES ON BROADWAY**; **MICHAEL WITTE** a.k.a. **MIKE WITTE,** individually, and as the managing agent of the Corporate Defendant; and **TERAWAT SORRAYUTSANEE** a.k.a. **TOMMY SORRAYUTSANEE**, individually, and as the managing agent of the Corporate Defendant,<br><br>　　　　　Defendants. | Case No.: 2:12-CV-09246-JAK-AJW<br><br><br>**CONSENT JUDGMENT**<br>JS-6 |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary" or "Plaintiff") and defendants Buddha Boy, Inc., a California corporation d.b.a. Thai Dishes on Broadway ("Corporate Defendant"), Michael Witte a.k.a. Mike Witte, individually and as managing agent of the Corporate Defendant, and Terawat Sorrayutsanee a.k.a. Tommy Sorrayutsanee, individually and as managing agent of the Corporate Defendant (hereafter collectively referred to as the "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

  A. Secretary has filed a First Amended Complaint alleging that Defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

  B. The Defendants have appeared by counsel and acknowledge receipt of a copy of the Secretary's First Amended Complaint.

  C. The Defendants waive issuance and service of process. In lieu of answering the First Amended Complaint and asserting any defenses thereto, the Defendants have agreed to the terms of this Consent Judgment.

  D. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

  E. The Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

  F. Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

////

////

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown, **ORDERED, ADJUDGED, AND DECREED** that the Defendants, their officers, managing agents, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§215(a)(2) and 215(a)(5), in any of the following manners:

1. Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), wages at a rate less than $7.25 an hour, or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA.

2. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed, unless such employee is properly classified as exempt from the FLSA overtime requirements.

3. Defendants shall not fail to make, keep, or make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and/or amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5), and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4. Defendants, jointly and severally, shall not continue to withhold the payment of $36,440.07 in back wages and overtime pay hereby alleged to be due by the Secretary under the FLSA to 54 employees, as a result of their employment by Defendants during the period of March 23, 2011 through October 13, 2011 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent Judgment. In so agreeing, Defendants do not admit wrongdoing or liability to the Plaintiff or any of its employees.

5. **IT IS ORDERED AND ADJUDGED** that the Secretary shall also have and recover from the Defendants, jointly and severally, the additional amount of $36,440.07 (constituting 100 percent of the back wages that so became due and unpaid in each instance) as and for liquidated damages hereby alleged to be due by the Secretary under the FLSA.

6. The Defendants, jointly and severally, shall not continue to withhold payment of $15,000.00 in unpaid civil money penalties assessed against the Defendants, pursuant to authority granted in FLSA § 16(e), for alleged violations of the overtime pay provisions of the FLSA during the backwage accrual period.

7. To accomplish the parties' agreement as specified in Paragraphs 4, 5, and 6:

a. On or before November 19, 2012, Defendants shall deliver to the Secretary's representative, Wage and Hour Division, United States Department of Labor ("U.S. Wage and Hour Division"), located at 915 Wilshire Blvd., Suite 960, Los Angeles, CA 90017, a schedule in duplicate bearing the name of the corporate Defendant, employer identification number, address, and phone number of the corporate Defendant and showing the name, last known (home) address, social security number (if available to the Defendants), gross backwage amount (as listed in the attached Exhibit 1), the amounts of legal deductions for social security and withholding taxes thereon (that the Defendants shall pay directly to the federal and State agencies entitled thereto, when due (and, in any event, not later than one year after submitting U.S. Wage and Hour Division

the last of the net backwage amounts due hereunder)), and the resulting net backwage amount for each person listed in the attached Exhibit 1.

 b. Commencing on November 19, 2012, Defendants shall deliver a separate check or money order to each person named in the attached Exhibit 1, each of which shall be made payable to the order of the particular person and each of which shall be in an amount equal to 100 percent of the net amount due to the particular person after making the aforementioned legal deductions (which deductions shall be submitted by Defendants to the federal and state agencies entitled to them, when due (and no later than one year after submitting to the Plaintiff the last payment due hereunder)) from the total gross amount listed opposite his or her name in the attached Exhibit 1. In the event that a check is returned for "Not Sufficient Funds," Defendants shall replace such check with a cashier's check and provide to the U.S. Wage and Hour Division an additional check in the amount of $500.00 payable to the United States Treasury for every returned check.

 c. Commencing on November 19, 2012, Defendants shall deliver a separate check or money order for each person named in the attached Exhibit 1, each of which shall be made payable to the order of the particular person and each of which shall be in an amount equal to 100 percent of the total gross liquidated damages due hereunder to the particular person, i.e. an amount equal to 100 percent of the total gross amount listed opposite his or her name in the attached Exhibit 1. In the event that a check is returned for "Not Sufficient Funds," Defendants shall replace such check with a cashier's check and provide to the U.S. Wage and Hour Division an additional check in the amount of $500.00 payable to the United States Treasury for every returned check.

 d. On or before January 18, 2013, Defendants shall deliver to the U.S. Wage & Hour Division evidence of payment to each person named in the attached Exhibit 1 of the amounts set forth in Paragraph 7, subparts (b) and (c), including any and all signed U.S. Wage and Hour Division Receipt for Payment of Back Wages, Employment Benefits, or Other Compensation Form WH-58 receipt forms the Defendants have received at that time.

  e. On or before January 18, 2013, Defendants shall provide U.S. Wage & Hour Division with a listing of all unlocated employees, their last known address, social security number (if possible), and their gross and net amounts due and any and all remaining signed Form WH-58 receipt forms not yet provided to U.S. Wage and Hour Division, or a cancelled check (or some reasonable facsimile) for every person listed on Exhibit 1 that the Defendants have paid per the terms of this Consent Judgment, and shall deliver to U.S. Wage and Hour Division a cashier's or certified check, payable to "Wage and Hour Division – U.S. Dept. of Labor" to cover the total gross and net amounts due all such employees.

  f. On or before January 18, 2013, a check or money order with the Corporate Defendant's name and "OT/CMP" written thereon payable to the order of "Wage & Hour Div., U.S. Dept. of Labor," in the amount of $15,000.00 in payment of the civil money penalty assessed against the defendants for alleged overtime pay violations. The payments shall be delivered to U.S. Wage and Hour Division by personal delivery or Certified Mail, Return Receipt Requested, at:

    U.S. Department of Labor
    Wage and Hour Division
    Attn.: Hester Ju, ADD
    915 Wilshire Boulevard, Suite 900
    Los Angeles, California 90017

  8. In the event of a default in the timely making of any of the payments specified herein, the full amount under the backwage provisions of this Judgment which then remains unpaid, plus interest at the rate of ten percent (10%) per year, from the date of this Judgment until the full amount of this Judgment is paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary; and

////

////

**IT IS FURTHER ORDERED** that the Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in the attached Exhibit 1, or to their estates if that be necessary, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited in the United States Treasury, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

9. Defendants shall maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

   a. Defendants shall install a time recording system that record all hours worked by employees in the payroll records.

   b. Defendants shall maintain all required records of time worked and payroll records for a period of not less than three (3) years.

   c. Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

   d. Defendants shall keep and produce upon demand to the U.S. Wage and Hour Division a copy of time and payroll records demonstrating that all persons employed by Defendants appear on such time and payroll records and that all employees are paid proper minimum wage and overtime due under the FLSA, except for employees who are or may be properly classified as exempt from the FLSA minimum wage and/or overtime requirements.

   e. Defendants shall within five (5) business day of execution of this Consent Judgment distribute to all current employees, and then to all subsequent hires within five (5) business days from the date of hiring, U.S. Wage and Hour Division's handout entitled Work Hours Recordkeeper Form WH-1497.

   f. Defendants shall immediately upon execution of this Consent Judgment post at all of its business locations in a location visible to employees (such as break rooms, rest areas or lunchrooms) U.S. Wage and Hour Division's WHD Publication 1088 posters, English, Spanish and Thai versions, advising employees of their employee

rights under the FLSA.

  g. Defendants shall pay employees for all compensable waiting time, if any such waiting time is required by the Defendants.

  h. Defendants shall not direct supervisors, managers or any payroll preparers to falsify timecards in any manner including reducing the number of hours worked by employees.

  i. Defendants shall not request, require or otherwise cause employees to sign inaccurate timecards.

  j. Defendants shall not require employees to work "off the clock" either before or after their shift.

  10. Defendants, their officers, managing agents, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwage, liquidated damages or the funds in restitution of the retaliation from any of the employees listed on the attached Exhibit 1 or from any friends of relatives of the employees. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment. Defendants understand and agree that demanding or accepting any of the funds required under this Consent Judgment is specifically prohibited by this Consent Judgment. Violation of this paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

  11. Defendants, their officers, agents, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

12. On at least an annual basis, Defendants shall hire a third party, which may be Defendants' legal counsel, to conduct training at each location as to the requirements of the FLSA. The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements. All supervisors as well as the individuals who determine the employees pay or schedules or who prepare payroll shall attend this training. Defendants shall maintain documentation of these trainings for a period of three years and provide it to representatives of the Secretary upon their request. This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

13. Within the first six months of the execution of this Consent Judgment, Defendants shall allow representatives of the U.S. Wage & Hour Division to conduct a one-hour presentation at each business location as to the requirements of the FLSA and this Consent Judgment. Defendants shall request all employees to attend this presentation. Plaintiff agrees that Defendants and their attorneys are entitled to be present at this presentation.

**IT IS FURTHER ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein;

**IT IS FURTHER ORDERED** that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and

///

///

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: November 28, 2012.

_____
JOHN A. KRONSTADT
U.S. DISTRICT COURT JUDGE

[Signatures continue on next page]

Each Defendant listed below hereby appears, waives any defenses herein, consents to the entry of this Judgment, and waives notice by Clerk of the Court.

For: **BUDDHA BOY, INC.,**
a California corporation
d.b.a. **THAI DISHES ON BROADWAY**

By: _____  11/19/12
Michael Witte a.k.a. Mike Witte    Date

Its: President

By: _____  11/19/2012
Terawat Sorrayutsanee a.k.a.    Date
Tommy Sorrayutsanee

Its: General Manager

_____  11/19/12
**MICHAEL WITTE** a.k.a.    Date
**MIKE WITTE**

_____  11/19/2012
**TERAWAT SORRAYUTSANEE** a.k.a.    Date
**TOMMY SORRAYUTSANEE**

Attorney for the Defendants:

_____  11/21/2012
DREW L. ALEXIS, Esq.    Date
Kinaga Law Firm

[Signatures continue on next page]

For the Plaintiff

M. PATRICA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____        11/23/12
LUIS A. GARCIA, Trial Attorney    Date
Attorney for the Plaintiff
Secretary of Labor
United States Department of Labor

# EXHIBIT 1

| LAST NAME | FIRST NAME | BW Due ($) |
|---|---|---:|
| Bonthammarat | Namchai | 45.00 |
| Bunsiripaiboon | Theera | 150.94 |
| Curuch | Armando | 33.88 |
| Daniel | Ochoa D. | 540.63 |
| Frucuoso | Dionisio | 63.44 |
| Godinez | Cesar | 232.50 |
| Godinez | Christian | 68.75 |
| Gonzalez | Augusto G. | 709.69 |
| Hernandez | Emilio | 3,433.40 |
| Inmaung | Atnitra | 1,809.00 |
| Inprom | Ronnichai | 237.00 |
| Jainum | Mali | 563.54 |
| Janchony | Jetsada | 10.06 |
| Jaroensaengphet | Potchana | 1,344.13 |
| Jutisomwan | Sasinian | 222.88 |
| Kaewdee | Soyvaree | 796.81 |
| Kanjanaprayoon | Sutisa | 1,625.13 |
| Kokilawatee | Pipatol | 24.13 |
| Lakawathana | Parichat | 2,777.56 |
| Lasakul | Tassawan | 196.25 |
| Martinez | Carlos | 225.75 |
| Martinez | Manuel | 80.56 |
| Martinez | Noe | 36.25 |
| Meemookkich | Thanon | 334.94 |

| | | |
|---|---|---:|
| Mendez | Miguel | 987.25 |
| Mendez | Rogelio | 180.00 |
| Narakuulch | Thanaboon | 129.06 |
| Navarro | David | 171.38 |
| O-sa | Khakhanamphorn | 94.25 |
| Phantanome | Koranpin | 92.25 |
| Pitakmoulch | Sucheera | 240.44 |
| Potts | Nicole | 43.94 |
| Premchaona | Tsanaporn | 593.50 |
| Puangsuwang | Srinya | 1,741.44 |
| Purpattanapong | Supaporn | 266.75 |
| Rakov | Igor | 109.31 |
| Ramirez | Heron | 79.81 |
| Ruppon | Pradit | 1,962.81 |
| Saibua | Suchart | 62.44 |
| Sanchez | Sinayn C. | 567.53 |
| Sangk | Lucksanawadee | 113.81 |
| Schutte | Tippaya | 61.56 |
| Sevarit | Noppamas | 2,988.00 |
| Similian | Abeneo I. | 3,408.00 |
| Tanaloocharoen | Montree | 433.31 |
| Toopet | Khattiya (Jom) | 3,339.50 |
| Unknown | Ed | 329.06 |
| Unknown | Jay | 898.44 |
| Unknown | Karn-Garn | 364.63 |
| Unknown | Nan-Tam | 119.00 |
| Unknown | Tue | 39.88 |

| | | |
|---|---|---:|
| Watanaharotai | Chanida | 16.06 |
| Wattanakiat | Pumate | 969.00 |
| Yuvansiri | Suradej | 475.44 |